UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ANTHONY HARVEY                     CIVIL ACTION NO. 6:11-cv-2131
    LA. DOC #112940
VS.                                          SECTION P

                                                       JUDGE HAIK

WARDEN BURL CAIN                MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

*Pro se* petitioner Anthony Harvey filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on December 1, 2011.[1] Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner attacks his 2008 first degree murder conviction and the life sentence imposed by the Sixteenth Judicial District Court for St. Mary Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

## STATEMENT OF THE CASE

On January 9, 2008, petitioner pled guilty to first degree murder for which he was sentenced to serve life imprisonment. Petitioner did not directly appeal his conviction or

---

[1]The undersigned has given petitioner the benefit of the "mailbox" rule.

sentence.[2]

On December 11, 2009, petitioner filed an application for post-conviction relief in the Sixteenth Judicial District Court, arguing unspecified claims of ineffective assistance of counsel. [*See* rec. doc. 7-2, pg. 15]. The district court denied relief, apparently incorrectly finding that petitioner's guilty plea operated as a waiver of his right to seek review of his ineffective assistance of counsel claims.

On December 6, 2010, the Louisiana First Circuit Court of Appeal denied writs finding no merit in petitioner's ineffective assistance of counsel claims. *State of Louisiana v. Anthony Harvey*, 2010-KW-1456 (La. App. 1st Cir. 2010). [Doc. 1-1, p. 14]. On November 14, 2011, the Louisiana Supreme Court denied petitioner's request for further collateral review without comment. *State of Louisiana ex rel. Anthony Harvey v. State of Louisiana*, 2011-KH- 0028, 75 So.3d 936 (La. 2011).

The instant petition was signed by petitioner on December 1, 2011, postmarked on December 2, 2011 and filed by the Clerk on December 5, 2011. Petitioner raises numerous claims of ineffective assistance of counsel because counsel (1) coerced him to enter a guilty plea and thereby become a witness against himself; (2) failed to request a sanity commission to determine whether petitioner was competent to stand trial; (3) failed to determine that there was insufficient evidence of aggravated rape since the victim "had

---

[2] Petitioner asserts that he both appealed and sought post-conviction relief. However, the published jurisprudence indicates that petitioner did not appeal, but rather sought only post-conviction relief.

a known history of suffering from female related problems such as substantial amount of bleeding when engage [sic] in vaginal sex" which petitioner alleges a "reliable source" can verify; (4) failed to determine that there was insufficient evidence of aggravated burglary as there were no latent fingerprints or footprints found at the crime scene; (5) failed to file a Motion to Suppress "certain damaging evidence"; (6) failed to object to findings about the cause of the victim's death, given that an autopsy could not determine with 100% accuracy the time or manner of death; and (7) failed to utilize "available" "potential" exculpatory evidence which would have changed the outcome of trial.

## LAW AND ANALYSIS

*Federal One-Year Limitation Period*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. § 2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. § 2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[3]

---

[3] Nothing in the record before the court suggests that any State created impediment prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 ("[A]ny lapse of time before a state application is properly filed will be counted against the one-year limitation period.") *citing Flanagan v. Johnson*, 154 F.3d 196, 197 at fn. 1 (5th Cir. 1998) ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed must be counted against the one year period of limitation."). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction or sentence. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by . . . expiration of the time for seeking [direct] review . . .", when the 30-day period for seeking direct review under La. C.Cr.P. art. 914(B)(1) expired [4], that is, on February 8,

---

right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [*See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D)]. Accordingly, these provisions are inapplicable.

[4]La. C.Cr.P. art. 914(B)(1) provides that "[t]he motion for an appeal must be made no later than . . . [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

2008.  Thereafter, petitioner had one year, or until February 8, 2009, to file his federal *habeas corpus* petition.

Petitioner cannot rely on the tolling provision of 28 U.S.C. § 2244(d)(2) because by the time he filed his state application for post-conviction relief on December 11, 2009, the AEDPA limitations period had already expired and could not be revived by the timely filing of the state proceeding, as the lapse of time between the finality of the petitioner's conviction and the filing of petitioner's application for post-conviction relief in state court must be counted against the one-year limitation period.  *Villegas,* 184 F.3d at 472 *citing Flanagan*, 154 F.3d at 197 fn. 1, *supra.*  Thus, under the statutory framework, the instant petition has been untimely filed.

### *Equitable Tolling*

Petitioner is also not entitled to equitable tolling.  The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary, rare or so exceptional so as to provide a basis for equitable tolling. Moreover, petitioner has not shown that he pursued his rights diligently. Petitioner waited over one year before he properly filed for post-conviction relief in the Louisiana state courts. Accordingly, he is not eligible for equitable tolling.

For the reasons set forth above;

**IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile***

*Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed this 8th day of May, 2012, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE